UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HESLER ASAEL RIVERA OVIEDO,
A# 201-664-079,

          Petitioner,

   v.

MARKWAYNE MULLIN, et al.,

          Respondents.

No.  1:26-cv-3293 TLN AC

FINDINGS & RECOMMENDATIONS

Petitioner, a federal immigration detainee, proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

I.     Factual Background[1]

Petitioner, Hesler Asael Rivera Oviedo, is a native and citizen of Honduras.  ECF No. 1 ¶ 13.  He entered the United States without inspection on or about February 13, 2019.  Id.

On January 3, 2020, petitioner was served with a Notice to Appear ("NTA"), charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  Id. ¶ 14.  On August 2, 2021, petitioner's United States citizen spouse, with whom he has two United States citizen children, filed an

---

[1] Respondents did not deny any of the factual allegations in the petition.  As such, petitioner's factual allegations in the petition are deemed admitted and relied upon.  See Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

1

immigration petition on his behalf.  ECF No. 1-1 at 2 (Notice of Action, I-130, Petition for Alien Relative).  On August 25, 2022, an immigration judge administratively closed petitioner's removal proceedings to allow petitioner to pursue immigration relief through his spousal petition.  Id. ¶ 15.

On March 26, 2026, petitioner was arrested on domestic violence allegations.  Id. ¶ 16.  No charges were filed, and petitioner was released from custody on March 30, 2026.  Id.  Upon release, Immigration and Customs Enforcement ("ICE") detained petitioner.  Id. ¶ 17.

Petitioner was scheduled for an interview with immigration regarding his spousal petition.  Id. ¶ 18.  Due to his detention, he was unable to attend.  Id.  Petitioner is currently detained at the Golden State Annex Detention Facility.[2]

II.    Procedural History

On April 29, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment to the United States Constitution.  ECF No. 1 at 2-7.  The petition seeks petitioner immediate release or a constitutionally adequate custody redetermination hearing, an injunction against his continued unlawful detention, and any other relief deemed just and proper.  Id. at 7-8.

On May 6, 2026, the undersigned issued an order to show cause why the petition should not be granted.  ECF No. 7.  Respondents were given fourteen days to file a response, and directed to substantively address whether there are any factual or legal issues that materially distinguish this case from Morales-Flores, v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025), or Brayan C.C. v. Warden of California City Corr. Ctr., No.

---

[2]  The court takes judicial notice of the information provided on the Immigration and Customs Enforcement ("ICE") Online Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited June 18, 2026), which provides petitioner's current detention facility.  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

2

2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026), with respect petitioner INA claim. Id. Petitioner was given seven days from the filing of respondents' response to file a reply, if any. Id.

Respondents filed a response, and petitioner filed a reply. ECF Nos. 8, 9. The matter is deemed submitted.

III.   Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV.   Discussion

A. Overview

Despite this court's order directing respondents to substantively address whether there are any factual or legal issues that materially distinguish this case from Morales-Flores or Brayan C.C., respondents have not done so. See ECF No. 8. Instead, in a brief, two-paragraph response, respondents argue that petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and who "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." ECF No. 8 at 1.

Respondents' failure to materially distinguish this case from Morales-Flores and Brayan C.C. is deemed an admission that there are no factual or legal issues that materially distinguish

this case from those cases.  See Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").  This court's review also confirms no material distinctions.  This is sufficient to warrant the same outcome as in Morales-Flores and Brayan C.C.  Nonetheless, out of an abundance of caution, the undersigned takes a moment to address respondents' arguments.

B.  Petitioner is Not Subject to Detention Under 8 U.S.C. § 1225(b)(2)

This court has previously addressed and rejected respondents' argument that a noncitizen in petitioner's position is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and not entitled to a bond hearing.  See Sharma v. Warden of the Golden States Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *4 (E.D. Cal. Apr. 29, 2026) (collecting cases); Garcia-Castillo v. Noem, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807 (E.D. Cal. Apr. 22, 2026) (collecting cases); Sut Pol v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1155 DJC AC, 2026 WL 981163 (E.D. Cal. Apr. 13, 2026); Santos v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1497 DC AC, 2026 WL 836360 (E.D. Cal. Mar. 26, 2026); Morales-Flores, 2025 WL 3552841, at *3-4; Brayan C.C., 2026 WL 710358, at *2.  In doing so, this court has "repeatedly and overwhelmingly concluded that when a noncitizen is detained within the interior of the United States, the appropriate detention statute is 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)."  Sharma, 2026 WL 1162718, at *4 (finding petitioner, who resided in the United States for six years prior to his current detention, "cannot presently be detained under 8 U.S.C. § 1225(b)(2)"); Sut Pol, 2026 WL 981163, at *2 (finding "petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under 8 U.S.C. § 1225(b)(2)[,]" and that "the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing"); Santos, 2026 WL 836360 (finding that, because the case is substantively indistinguishable from Alvarez-Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948, at *2 (E.D. Cal. Feb. 23, 2026), "petitioner, who entered the United States without inspection and resided in the United States for approximately twenty-eight years before he was detained by ICE, is subject to discretionary detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing"); Morales-Flores, 2025 WL

4

3552841, at *3-4 (finding petitioner who had resided in the United States for seven years prior to his current detention is subject to detention under § 1226(a), not § 1225(b)(2), and entitled to a bond hearing); Brayan C.C., 2026 WL 710358, at *2 (finding § 1226(a), not § 1225(b)(2) governs, petitioner detention where petitioner has resided in the United States for nearly two decades).

In Ballen-Ramirez v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861 (E.D. Cal. May 13, 2026), the undersigned revisited respondents' argument. There, the undersigned noted that respondents' argument had "been tried, tested and overwhelmingly rejected by this court, hundreds of district courts throughout the United States, and four federal circuit courts." Id. at *4-6 (E.D. Cal. May 13, 2026). The undersigned discussed the Eleventh Circuit's decision in Hernandez-Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, __ F.4th __, 2026 WL 1243395 (11th Cir. May 6, 2026), which held, after examining the plain text of § 1225(b)(2)(A) and the supplemental definition chosen by Congress in the INA, that *only certain types* of "applicants for admission" (defined as a noncitizen present without admission or who arrives in the United States) fall within the scope of 8 U.S.C. § 1225(b)(2). Id. at *5. The undersigned noted that the Eleventh Circuit's decision is consistent with the Second and Sixth Circuit's recent rulings, and Judge Lee's opinion in the Seventh Circuit, but inconsistent with the Fifth and Eighth Circuit's rulings. Id. at *4-5; see Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1982, __ F.4th __, 2026 WL 1283891, at *3-6 (6th Cir. May 11, 2026) (holding that the statute's text, "[c]ontextual and structural considerations," and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have been present in the United States for years, all support finding that "an 'applicant for admission' is not necessarily 'seeking admission'"), Castañon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, __ F.4th __, 2026 WL 1223250, at *22 (7th Cir. May 5, 2026) (Lee, J.) (holding that "the text, statutory context, legislative history, and long-standing Executive practice all confirm that § 1225(b)(2)(A) applies to 'applicants for admission' who are *seeking* lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior"), Barbosa da Cunha v. Freden, No. 25-3141, __ F.4th __, 2026

5

WL 1146044, at *6-9 (2d Cir. Apr. 28, 2026) (holding that the court's "commonsense reading of the text in Section 1225(b)(2)(A) squares with plain meaning of 'seeking admission' and gives effect to each clause and word that Congress chose to write," and "therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization"); Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026) (holding that noncitizens present in the United States without lawful admission are "applicants for admission" under 8 U.S.C. § 1225(a)(1) and therefore subject to mandatory detention under § 1225(b)(2)(A)); Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026) (holding a noncitizen present in the United States without having been admitted is both an "applicant for admission" and "seeking admission" and therefore subject to mandatory detention without bond under § 1225(b)(2)(A)).

Finding Hernandez-Alvarez, Barbosa da Cunha, Lopez-Campos, and Judge Lee's opinion in Castañon-Nava to be well-reasoned, thorough, and persuasive, the undersigned found that

> (1) "applicant for admission" and 'seeking admission' in 8 U.S.C. § 1225(b)(2) are not synonymous and (2) to fall within the scope of § 1225(b)(2), the noncitizen must be an "applicant for admission" (i.e. a noncitizen arriving in the United States or present in the United States without having been granted lawful entry), who is seeking lawful entry into the United States after inspection and authorization, and not clearly beyond a double entitled to lawful entry.

Ballen-Ramirez, 2026 WL 1329861 at *5.

Applying this construction to the facts in Ballen-Ramirez, the undersigned found "that although petitioner is an 'applicant for admission' because he is present in the United States without having been granted lawful entry," he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because "at the time of his re-detention on March 17, 2026, he was not 'seeking' lawful entry into the United States after inspection and authorization." Id. at *6. Applying the same construction here, petitioner—who has resided in the United States for seven years—is an "applicant for admission" because he is present without having been lawfully admitted. However, he is *not* subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was *not* "seeking" lawful entry into the United States after inspection and authorization when he was released from criminal custody and detained by ICE on March 30,

2026.

Persuaded by the well-reasoned decisions in Sharma, Sut Pol, Morales-Flores, Brayan C.C., Ballen-Ramirez, Hernandez-Alvarez, Barbosa da Cunha, Lopez-Campos, and Judge Lee's opinion in Castañon-Nava, the undersigned adopts and incorporates their reasoning by reference and finds that for the reasons stated in those cases, petitioner is not lawfully detained under 8 U.S.C. § 1225(b)(2).

V.    Petitioner's Right to Freedom is Not Limited to Those Provided by Congress

Citing Shaunghnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953), as reaffirmed in Department of Homeland Security v. Thuraissigiam, 591 U.S. 103, 129 (2020), respondents contend that petitioner's right to freedom is limited to that provided by Congress. ECF No. 8 at 1.  The undersigned, however, rejected this argument in Ballen-Ramirez.

In Ballen-Ramirez, the undersigned found respondents mischaracterized the holding in Thuraissigiam, which limits a noncitizen's due process rights in challenging their *admissibility*, not their *detention*.  Ballen-Ramirez, 2026 WL 1329861, at *6.  The undersigned further found Thuraissigiam "materially distinguishable because petitioner was permitted to pass through our gates and is a person who has been living within the United States for years." Id. (collecting cases).  The undersigned held that the petitioner was therefore entitled to due process under the Fifth Amendment.  Id.

Because the petition in this case challenges petitioner's detention, not his admissibility, and because petitioner was placed in removal proceedings in 2020 but allowed to live within the United States, at liberty, during the past six years, he may challenge his detention under the Fifth Amendment Due Process Clause.

As discussed above, the present facts are not materially distinguishable from those in Morales-Flores and Brayan C.C.  For the reasons stated in those cases, the undersigned finds petitioner has a liberty interest in his freedom from civil detention and that procedural due process requires he receive a hearing before a neutral decisionmaker prior to civil detention.  Morales-Flores, 2025 WL 3552841, at *4-6; Brayan C.C., 2026 WL 710358, at *3-4.

VI.    Remedy

7

This court has regularly found that when ICE unlawfully detains a noncitizen under 8 U.S.C. § 1225(b)(2), does not assert an alternative lawful basis for petitioner's detention, and does not afford petitioner a bond hearing under 8 U.S.C. § 1226(a)—as is the case here—release is the appropriate remedy to preserve the *status quo ante litem*.  Garcia-Castillo v. Noem, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807, at *2 (E.D. Cal. Apr. 22, 2026) (collecting cases). The undersigned sees no reason to depart from those prior decisions.

In cases like these where petitioner's due process rights were violated, this court has also issued an injunction against re-detention absent procedural protections.  Morales-Flores, 2025 WL 3552841, at *7; Brayan C.C., 2026 WL 710358, at *4.  Accordingly, the undersigned will recommend the same.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED as follows:

2. Respondents be ORDERED to IMMEDIATELY RELEASE petitioner from custody, RETURN all of petitioner's documents and possession upon his release from custody, and FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

3. Respondents be PERMANENTLY ENJOINED and RESTRAINED from:

   a. Imposing any additional restrictions on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   b. Re-detaining petitioner unless the government provides written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community, and petitioner's eligibility for bond is considered.

4. The order enjoining respondents state that the order does not address the

8

circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5.     Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three (3) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE